IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD M. JANNEY,

        Plaintiff,

v.                                  CIVIL ACTION NO.  5:15-cv-13131

JOHN D. BERRYMAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the *Motion of the United States to Dismiss John D. Berryman from this Civil Action and to Substitute the United States as Sole and Exclusive Defendant* (hereinafter, Mot. to Sub. Def.) (Document 3), the *Memorandum in Support of the Motion of the United States to Dismiss John D. Berryman from this Civil Action and to Substitute the United States as Sole and Exclusive Defendant* (hereinafter, Mem. to Sub. Def.) (Document 4), the *Motion of the United States of America to Dismiss for Lack of Subject Matter Jurisdiction* (hereinafter, Mot. to Dismiss) (Document 5), the *Memorandum in Support of the Motion of the United States to Dismiss for Lack of Subject Matter Jurisdiction* (hereinafter, Mem. to Dismiss) (Document 6), and the *Plaintiff's Response to United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and United States of America's Motion to Dismiss John D. Berryman from this Civil Action and to Substitute the United States as Sole and Exclusive Defendant* (Document 13).[1]  The Court has

---

1 The Plaintiff's response simply refers the Court to the arguments contained in his motion to remand.

also reviewed the *Plaintiff's Motion to Remand* (Document 9), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 10), and the *United States' Opposition to Plaintiff's Motion to Remand* (Document 14). In addition, the Court has reviewed the United States' *Notice of Removal* (Document 1), and all attached exhibits, including the Plaintiff's *Complaint* (Document 1-1).

Following careful consideration, for the reasons stated herein, the Court finds that the Plaintiff's motion to remand should be denied, the United States' motion to substitute itself as the Defendant should be granted, and the United States' motion to dismiss should also be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff initiated this action on July 30, 2015 with a brief complaint filed in the Circuit Court of Raleigh County, West Virginia, naming John D. Berryman as the Defendant. He alleges that "[o]n August 7, 2013, the Defendant, a co-worker of Plaintiff, made contact with the Plaintiff physically and caused personal injury to Plaintiff." (Compl. at ¶ 3.) The Plaintiff alleges that he suffered permanent physical and emotional injuries as a result. (*Id.* at ¶¶ 4–5.)

The United States removed this matter to federal court on September 14, 2015, asserting that the named Defendant, Dr. Berryman, was a United States employee acting within the scope of his employment at the time of the allegations. It filed a certification by the United States Attorney for the Southern District of West Virginia that Dr. Berryman's actions were within the scope of his employment. (Certification, Document 1-3.) Also on September 14, 2015, the United States filed a motion to dismiss Dr. Berryman and substitute the United States as Defendant, and a motion to dismiss the complaint for failure to exhaust administrative remedies pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80.

2

On September 23, 2015, the Plaintiff filed a motion to remand, which he incorporated as his response to the United States' motion to substitute and motion to dismiss. On October 6, 2015, the United States filed a response in opposition to the Plaintiff's motion to remand. Neither party has filed a reply to any of the pending motions. Because the issues and the legal framework presented by the various motions overlap significantly, the Court will address the motions together.

## APPLICABLE LAW

28 U.S.C. § 2679 sets forth procedures for suits against the United States alleging torts committed by its employees. The Attorney General (or, as in this case, her designee) may certify that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," after which "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). If the plaintiff initiated the action in state court, it "shall be removed without bond at any time before trial" upon such certification. 28 U.S.C. § 2679(d)(2). "This certification of the Attorney General shall *conclusively establish* scope of office or employment for purposes of removal." *Id.* (emphasis added); *Osborn v. Haley*, 549 U.S. 225, 231-32 (2007). District courts may not reject the scope-of-employment certification and remand the case, and any review of the certification is not bound by the plaintiff's factual allegations. *Osborn*, 549 U.S. at 231, 249.

The certification is not, however, un-reviewable for purposes of substitution. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). If a plaintiff demonstrates, and the district court finds, that the originally-named employee-defendant acted outside the scope of employment, then the employee may be re-substituted as defendant. *Osborn*, 549 U.S. at 231, 242.

> [W]hen a certification is challenged, the certification serves as prima facie evidence that the employee's alleged wrongful acts were

> within the scope of his or her employment. The burden then shifts to the plaintiff to prove by a preponderance of the evidence that the employee was not, in fact, acting within the scope of his or her employment. Importantly, the plaintiff, in contesting the Government's certification, must provide specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation.

*Brown v. United States*, 933 F. Supp. 2d 780, 783-84 (E.D. Va. 2013) (internal citations and quotation marks omitted) (citing *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153–54 (4th Cir. 1997)). If the plaintiff comes forward with sufficient evidence to reveal an issue of material fact with respect to scope of employment, the court may permit limited discovery or hold an evidentiary hearing. *Gutierrez de Martinez*, 111 F.3d at 1155 (4th Cir. 1997).

## DISCUSSION

The United States contends that Dr. Berryman was an employee of the United States acting within the scope of his employment at all relevant times. Therefore, it argues that the United States must be substituted as the sole Defendant. Because the Plaintiff's only recourse for alleged injury caused by a federal employee acting within the scope of his employment is a claim under the FTCA, the United States next contends that this action must be dismissed for failure to exhaust administrative remedies, as required by the FTCA.

Relying on the allegations contained in his complaint, the Plaintiff argues that he is not asserting an FTCA claim, and the case must be remanded. He asserts that this is "a simple battery case" and that Dr. Berryman's acts were intentional torts beyond the scope of his employment. (Mem. to Remand, at 2–3.)

4

The Court finds that remand is not available to the Plaintiff in this matter. 28 U.S.C. § 2679(d)(2) and *Osborn v. Haley*, 549 U.S. 225, 231-32 (2007) clearly establish that the United States' scope of employment certification cannot be challenged for purposes of removal and remand, regardless of the allegations in the Plaintiff's complaint. Thus, the motion to remand must be denied.

Although the certification may be challenged for purposes of substitution of the United States as the Defendant, the Plaintiff bears the burden of producing evidence showing, at the least, that there is a genuine issue of material fact with respect to the scope of employment determination. The Plaintiff here has produced no evidence, relying instead on his complaint and his motion to remand. Indeed, the complaint provides so few factual details regarding the alleged incident that the Court is unable to discern the nature of the alleged physical contact, the extent of the alleged injuries, or the location or circumstances of the incident. While limited discovery or an evidentiary hearing on scope of employment might be appropriate in some cases involving allegations of intentional torts, the Plaintiff has made no showing, or even preview, of facts to support imposing such a burden on the Defendant in this case. *See, e.g.*, *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d at 1154 (4th Cir. 1997) (noting that 28 U.S.C. § 2679 provides immunity from suit, rather than merely immunity from liability.)

Finally, the United States moves to dismiss for lack of subject matter jurisdiction because the Plaintiff did not exhaust administrative remedies under the FTCA. 28 U.S.C. § 2675 mandates that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" as a prerequisite to bringing a tort claim against the United States in court. 28 U.S.C. § 2675(a). For the reasons previously

5

discussed, the Plaintiff has not presented a factual challenge sufficient to defeat the United States' certification that Dr. Berryman was acting within the scope of employment, bringing this action within the confines of the FTCA. The Plaintiff does not suggest that he made any attempt to present his claim to the appropriate federal agency. Accordingly, the United States' motion to dismiss must be granted. *See*, *Brown v. United States*, 933 F. Supp. 2d 780, 787 (E.D. Va. 2013) (finding dismissal appropriate under similar circumstances).

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, for the reasons stated herein, the Court **ORDERS** that the *Motion of the United States to Dismiss John D. Berryman from this Civil Action and to Substitute the United States as Sole and Exclusive Defendant* (Document 3) be **GRANTED**, that the *Motion of the United States of America to Dismiss for Lack of Subject Matter Jurisdiction* (Document 5) be **GRANTED**, and that the *Plaintiff's Motion to Remand* (Document 9) be **DENIED.** The Court **ORDERS** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 18, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA